[Cite as *Aronhalt v. Aronhalt*, 2012-Ohio-1703.]

COURT OF APPEALS
COSHOCTON COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| JAMES W. ARONHALT | : | JUDGES: |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellant | : | Hon. Sheila G. Farmer, J. |
| | : | Hon. John W. Wise, J. |
| -vs- | : | |
| | : | |
| ANDREA M. ARONHALT | : | Case No. 11-CA-13 |
| | : | |
| Defendant-Appellee | : | O P I N I O N |

CHARACTER OF PROCEEDING:        Appeal from the Court of Common
                                Pleas, Case No. 07DV0744


JUDGMENT:                       Affirmed


DATE OF JUDGMENT:               April 6, 2012


APPEARANCES:

For Plaintiff-Appellant                 For Defendant-Appellee

VAN BLANCHARD, II                       JASON STORCK
402 Main Street                         111 South Buckeye
Coshocton, OH  43812                    Suite 210
                                        P.O. Box 1023
                                        Wooster, OH  44691

*Farmer, J.*

**{¶1}** On April 16, 2005, appellant, James Aronhalt, and appellee, Andrea Aronhalt, were married. One child was born as issue of the marriage on July 31, 2005. On October 16, 2008, the parties filed a petition for dissolution of their marriage along with a separation agreement and a shared parenting plan. Everything was approved on October 29, 2008.

**{¶2}** On March 19, and April 13, 2010, appellee and appellant, respectively, filed motions to alter and/or terminate the shared parenting plan due to the child needing to attend kindergarten and the parties living more than fifty miles apart. On July 13, 2010, appellee filed an amended motion to alter the shared parenting plan and a Civ.R. 60(B) motion for relief from judgment regarding the removal of appellant's name from an automobile loan. The parties also filed contempt motions against each other.

**{¶3}** Hearings before a magistrate were held on July 7, August 19, and November 24, 2010. By decision filed January 21, 2011, the magistrate recommended the termination of the shared parenting plan with appellee named the residential parent and legal custodian, the alteration of the child support order, the amendment by appellant of his 2009 tax return, and the granting of relief to appellee regarding the prior order to remove appellant's name from the automobile loan. A judgment entry correcting the magistrate's decision relative to child support was filed on March 22, 2011.

{¶4}  Appellant filed objections.  By judgment entry filed July 29, 2011, the trial court overruled the objections and approved and adopted the magistrate's decision and the March 22, 2011 judgment entry.

{¶5}  Appellant filed an appeal and this matter is now before this court for consideration.  Assignments of error are as follows:

I

{¶6}  "IT IS AN ABUSE OF DISCRETION FOR THE TRIAL COURT TO TERMINATE THE SHARED PARENTING PLAN AND NAME THE APPELLEE THE RESIDENTIAL PARENT OF THE MINOR CHILD OF THE PARTIES."

II

{¶7}  "IT IS AN ABUSE OF DISCRETION FOR THE TRIAL COURT TO FIND THE APPELLANT IN CONTEMPT OF COURT AND FURTHER TO ORDER AS A PURGE CONDITION THAT THE APPELLANT AMEND HIS 2009 INCOME TAX RETURN WITHOUT ALSO ORDERING THE APPELLEE TO AMEND HER 2009 INCOME TAX RETURN."

III

{¶8}  "IT IS AN ABUSE OF DISCRETION FOR THE TRIAL COURT TO GRANT THE APPELLEE RELIEF FROM THE PRIOR ORDER OF THE COURT PURSUANT TO CIVIL RULE 60(B)."

I

{¶9}  Appellant claims the trial court erred in terminating the shared parenting plan and naming appellee as the residential parent and legal custodian of the child as

the decision was predicated on the Guardian ad Litem's report which was flawed and prejudicial. We disagree.

{¶10} A trial court's decision to terminate a shared parenting plan is reviewed under an abuse of discretion standard. *In re J.L.R.,* Washington App. No. 08CA17, 2009-Ohio-5812. In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore* (1983) 5 Ohio St.3d 217. A judgment supported by some competent, credible evidence will not be reversed by a reviewing court as against the manifest weight of the evidence. *C.E. Morris Co. v. Foley Construction Co.* (1978), 54 Ohio St.2d 279. A reviewing court must not substitute its judgment for that of the trial court where there exists some competent and credible evidence supporting the judgment rendered by the trial court. *Myers v. Garson,* 66 Ohio St.3d 610, 1993-Ohio-9.

{¶11} R.C. 3109.04 governs parental rights and responsibilities and shared parenting. Subsections (E)(2)(c) and (d) and (F)(1) state the following in pertinent part:

{¶12} "(c) The court may terminate a prior final shared parenting decree that includes a shared parenting plan approved under division (D)(1)(a)(i) of this section upon the request of one or both of the parents or whenever it determines that shared parenting is not in the best interest of the children.

{¶13} "(d) Upon the termination of a prior final shared parenting decree under division (E)(2)(c) of this section, the court shall proceed and issue a modified decree for the allocation of parental rights and responsibilities for the care of the children under the standards applicable under divisions (A), (B), and (C) of this section as if no decree for

shared parenting had been granted and as if no request for shared parenting ever had been made.

{¶14} "(F)(1) In determining the best interest of a child pursuant to this section, whether on an original decree allocating parental rights and responsibilities for the care of children or a modification of a decree allocating those rights and responsibilities, the court shall consider all relevant factors, including, but not limited to:

{¶15} "(a) The wishes of the child's parents regarding the child's care;

{¶16} "***

{¶17} "(c) The child's interaction and interrelationship with the child's parents, siblings, and any other person who may significantly affect the child's best interest;

{¶18} "(d) The child's adjustment to the child's home, school, and community;

{¶19} "(e) The mental and physical health of all persons involved in the situation;

{¶20} "(f) The parent more likely to honor and facilitate court-approved parenting time rights or visitation and companionship rights."

{¶21} The parties conceded the placement of the child into kindergarten created the inevitable demise of the shared parenting plan. With the parties living some fifty-plus miles apart in two non-contiguous counties, the 50/50 time split of shared parenting was not practicable.

{¶22} The trial court was faced with the dilemma of choosing between two good parents to place the child. Appellant argued for Coshocton schools and appellee for Fairview Park schools. Both parents work and out of necessity, the child must attend both pre and after school care.

{¶23}  The trial court's decision was based upon keeping the child with her half sibling; the child's current daycare in Fairview Park is in the same facility as her kindergarten (T. at 55); and appellee's residence and workplace are within ten to fifteen minutes of the school.  T. at 142, 144.  The trial court also found appellant's workplace was some seventy-four miles from his residence, requiring a caregiver to get the child ready for school.  T. at 106, 113.  In balancing the distances, the trial court concluded appellee would be able to respond to an emergency better than appellant.  See, Magistrate's Decision filed January 21, 2011.

{¶24}  The trial court also considered the Guardian ad Litem's recommendation. The Guardian ad Litem opined that it would be in the child's best interest to be placed with appellee.  T. at 56-57.  It is this opinion that appellant argues was unduly prejudicial to him and should not have been a basis for the trial court's decision.  Appellant argues the Guardian ad Litem did not adequately investigate the Coshocton schools or appellant's arrangements for caregiving.  However, the Guardian ad Litem testified about Keene Elementary in Coshocton County as a highly ranked school.  T. at 53-54. The Guardian ad Litem testified that apart from the statutory factors to be considered, the child was "very fragile" as a result of the emotional tug and pull between the parents.  T. at 46.  This opinion is corroborated by a simple review of the trial court's docket.  It was the Guardian ad Litem's recommendation that the emotional support needed would be best supplied by appellee.  Id.  Logistically, the better plan was the one for pre and after school care advanced by appellee.  T. at 47.  The Guardian ad Litem was in each home an equal amount of time.  T. at 48.

**{¶25}** Appellant argues the process was weighted against him. However, appellant was able to cross-exam the Guardian ad Litem and emphasize the claimed deficiencies in the report and to present witnesses. Appellant's sister, Tanya Slade, the child's former teacher, Tisha King, and the child's neighbor, Sharon Horn, testified favorably to appellant's parenting skills. Appellant testified if the child resided with him, the child would spend less time in after school care as the Coshocton kindergarten was all-day as opposed to half-day at Fairview Park. T. at 144, 298-299.

**{¶26}** Upon review, we find the evidence supports the trial court's decision, and we find no undue prejudice to appellant from the Guardian ad Litem's report, testimony, or cross-examination.

**{¶27}** Assignment of Error I is denied.

II

**{¶28}** Appellant claims the trial court erred in finding him in contempt of court for using the child deduction for his 2009 income tax return per the parties' mutual agreement. We disagree.

**{¶29}** It is undisputed that the parties agreed dissolution decree gave the 2009 child tax deduction to appellee:

**{¶30}** "Husband shall be entitled to claim the minor child for income tax purposes on his federal, state and local income tax returns in the even numbered years beginning with tax filing year 2008 and Wife shall be entitled to claim the minor child for income tax purposes on her federal, state and local income tax returns in the odd numbered years beginning with tax filing year 2009."

{¶31} Appellant argues appellee relinquished the 2009 child tax deduction in exchange for claiming mortgage interest expenses and real estate taxes paid by appellant. T. at 115, 330-332.

{¶32} We note the weight to be given to the evidence and the credibility of the witnesses are issues for the trier of fact. *State v. Jamison* (1990), 49 Ohio St.3d 182, certiorari denied (1990), 498 U.S. 881. The trier of fact "has the best opportunity to view the demeanor, attitude, and credibility of each witness, something that does not translate well on the written page." *Davis v. Flickinger,* 77 Ohio St.3d 415, 418, 1997-Ohio-260.

{¶33} The testimony as to the relinquishment of the 2009 child tax deduction by appellee was not definitive. T. at 154. The trial court chose appellee's testimony over appellant's which was clearly within its province.

{¶34} We conclude the trial court did not err in enforcing the parties' agreement and making appellant amend his tax return for 2009 in compliance with the agreed dissolution decree.

{¶35} Assignment of Error II is denied.

III

{¶36} Appellant claims the trial court erred in granting appellee relief from judgment as it was error to negate appellee's responsibility to remove his name from the automobile loan. We disagree.

{¶37} A motion for relief from judgment under Civ.R. 60(B) lies in the trial court's sound discretion. *Griffey v. Rajan* (1987), 33 Ohio St.3d 75; *Blakemore,* supra. In *GTE*

*Automatic Electric Inc. v. ARC Industries,* Inc. (1976), 47 Ohio St.2d 146, paragraph two

of the syllabus, the Supreme Court of Ohio held the following:

**{¶38}** "To prevail on a motion brought under Civ.R. 60(B), the movant must

demonstrate that: (1) the party has meritorious defense or claim to present if relief is

granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R.

60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where

the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the

judgment, order or proceeding was entered or taken."

**{¶39}** The parties' agreed dissolution decree contained the following provision:

**{¶40}** "Wife shall have all right, title and interest in the 2004 Chevrolet Impala

automobile free and clear of any claim of Husband.  Husband and Wife agree to transfer

the title to said vehicle to Wife upon the issuance of a decree of dissolution or divorce,

and Wife agrees to satisfy and pay timely as due and hold Husband harmless on any

obligations due and remove him from liability within six (6) months of the filing of a

decree of dissolution or divorce in this matter."

**{¶41}** Appellee testified she has attempted to remove appellant's name from the

loan, but has been unable to do so because of credit problems that may or may not

have been a result of appellant's late mortgage payments.  T. at 157-158.

**{¶42}** We find the parameters set by the case law relative to a Civ.R. 60(B)

motion has not been met.  However, the record establishes appellee was not in willful

contempt of the trial court's order.  See, Appellee's Affidavit filed July 14, 2010.  The

language of the parties' agreement is broad enough to cover the failure to have

appellant's name removed from the loan as it includes a hold harmless provision.

Further, the magistrate's/trial court's decision was not to grant total relief from the agreement, but to establish a time frame of three months for the removal of appellant's name from the indebtedness.

{¶43} Assignment of Error III is denied.

{¶44} The judgment of the Court of Common Pleas of Coshocton County, Ohio is hereby affirmed.

By Farmer, J.

Hoffman, P.J. and

Wise, J. concur.


_s/ Sheila G. Farmer_____


_s/ William B. Hoffman_____


_s/ John W. Wise_____

JUDGES


SGF/sg 313

[Cite as *Aronhalt v. Aronhalt*, 2012-Ohio-1703.]

IN THE COURT OF APPEALS FOR COSHOCTON COUNTY, OHIO

FIFTH APPELLATE DISTRICT

JAMES W. ARONHALT             :

          :

      Plaintiff-Appellant         :

          :

-vs-                        :         JUDGMENT ENTRY

          :

ANDREA M. ARONHALT        :

          :

      Defendant-Appellee     :         CASE NO. 11-CA-13

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Coshocton County, Ohio is affirmed. Costs to appellant.

_s/ Sheila G. Farmer_____

_s/ William B. Hoffman_____

_s/ John W. Wise_____

JUDGES